**Abatement Order filed September 18, 2014.**



In The

# Fourteenth Court of Appeals

———————

## NO. 14-14-00224-CV

———————

**PRABHAKAR GUNIGANTI, INDIVIDUALLY, THE GUNIGANTI CHILDREN'S 1999 TRUST, AND TRIPLE PG SAND DEVELOPMENT, LLC, Appellant**

**V.**

**C & S COMPONENTS COMPANY, LTD, Appellee**

---

**On Appeal from the 80th District Court
Harris County, Texas
Trial Court Cause No. 2012-41323**

---

## ABATEMENT ORDER

The reporter's record in this case was due **May 02, 2014**. *See* Tex. R. App. P. 35.1. On **May 08, 2014**, this court ordered **Michelle Tucker** to file the record within 30 days. When the court reporter failed to file the record as ordered, this court ordered the court reporter to file the record within 30 days. The record was not filed. On **June 25, 2014**, this court again ordered the court reporter to file the

record within 30 days.  When the court reporter failed to file the record as ordered, this court ordered the court reporter to file the record within 30 days, and instructed the court reporter that if the record was not filed, the court would order the trial court to conduct a hearing to determine the reason for failure to file the record. The record has not been filed with the court.  On **August 07, 2014, Michelle Tucker** filed a motion for extension of time to file the record which was **GRANTED** until **August 29, 2014, with no further extensions**.  The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed.  *See* Tex. R. App. P. 35.3(c).  Because the reporter's record has not been filed timely as ordered, we issue the following order.

We direct the judge of the **80th District Court** to conduct a hearing at which the court reporter, appellant's counsel, and appellee's counsel shall participate (a) to determine the reason for failure to file the record; (b) to establish a date certain when the reporter's record will be filed, and (c) to make findings as to whether the court reporter should be held in contempt of court for failing to file the reporter's record timely as ordered.  We order the court to prepare a record, in the form of a reporter's record, of the hearing.  The judge shall make findings of fact and conclusions of law, and shall order the trial clerk to forward to this court a supplemental clerk's record containing the findings and conclusions.  The hearing record and supplemental clerk's record shall be filed with the clerk of this court **within 30 days** of the date of this order.

The appeal is abated, treated as a closed case, and removed from this court's active docket.  The appeal will be reinstated on this court's active docket when the trial court's findings and recommendations are filed in this court.  The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion.  If the court reporter files the

record prior to the date set for the hearing, the appeal will be reinstated and the trial court need not hold a hearing.

PER CURIAM